OPINION
{¶ 1} David Dunn appeals from his conviction in the Montgomery County Common Pleas Court of felonious assault and abduction. The trial court sentenced Dunn to serve five years on the felonious assault conviction and three years on the abduction conviction, the sentences to be served concurrently. In a single assignment of error, Dunn contends the trial court abused its discretion in sentencing him to more than the minimum sentence allowable under the law.
 {¶ 2} In sentencing Dunn, the trial court reviewed a pre-sentence report provided by the Montgomery County Probation Department.
 {¶ 3} The report included the following facts concerning the offenses charged:
 {¶ 4} "On February 16, 2004, Kettering Police were dispatched to Miami Valley Hospital on the report of a Domestic Violence. Officers met with the victim, Nicolette Dunn. Ms. Dunn was visibly upset, shaking and crying. She advised that her husband, David Dunn, beat her with a claw hammer inside of his aunt's residence at 1808 East Dorothy Lane. Ms. Dunn advised that she had been married to David for approximately one year and that they have two children in common. During the past year, she stated that David had lost his job and they lost their apartment. David went to live with his aunt on Dorothy Lane and she and the two children went to live with her grandparents at 2027 Wayne Avenue in Dayton, Ohio. Ms. Dunn stated that she and David had many verbal arguments during the past months regarding his loss of employment and lack of financial support to the family. She told him that he needed to get a job by February 18, 2004, or she was going to divorce him. Ms. Dunn stated that on this date, she went to where David was staying to pick up her pet and he asked if she would stay so he could sing her a song that he had written. She stated that when the song was over, she got up to leave. As she exited through the front door, she felt him pulling her by the hood of her coat back into the house. Ms. Dunn stated that David proceeded to hit her with a claw hammer on the head and shoulders. She said that he struck her three to four times with the hammer, threw her to the ground, sat on top of her and began choking her. He was squeezing her trachea, trying to collapse it. Ms. Dunn stated that she begged him to stop, telling him that he needed to think about their children. His response was `the kids will be taken care of.' Ms. Dunn was able to scoot herself underneath an end table so that his hands could not reach her throat. He seemed to calmed [sic] down and allowed her to come out from underneath the end table. Eventually, after some resistance, he allowed her to leave the house in order to go to the hospital for treatment. Ms. Dunn had a laceration to the left side of her head, a large contusion to her left shoulder, redness and bruising to her neck, and she complained of a hit to the back of her head.
 {¶ 5} "During the presentence investigation interview, Mr. Dunn stated that he struck his wife with a hammer not realizing what it was, thereby, injuring her. Then out of anger, he proceeded to choke her. Mr. Dunn stated that he stopped himself and realized what he was doing. He checked her injuries and she left to go to the hospital. Mr. Dunn stated the reason he committed this offense was because he `got caught up in the moment.' He indicated that things went a lot further than they should have. Mr. Dunn stated that they were going through hard times, arguing a lot, and found it very difficult to talk out their problems. He indicated that he does not remember all of the incident but admitted to choking her after she fell. Mr. Dunn stated that he takes full responsibility for his loss of control, but did not say he was sorry he injured his ex-wife."
 {¶ 6} In sentencing Dunn, the trial court noted that Dunn's behavior toward his wife was violent, life threatening, and "perpetrated without any regard for the welfare of your two young children." (Tr. 17). The trial judge further noted that she was less than impressed with Dunn's explanation that he was "just caught up in the moment." The court noted that although Dunn had no previous criminal record, a minimum sentence would demean the seriousness of the offenses and would not adequately protect the public. The court also ordered Dunn to pay restitution in the amount of $2953.43.
 {¶ 7} Dunn argues that the facts in the record and the trial court's factual findings do not support the trial court's conclusion that a minimum sentence would demean the seriousness of the offenses. Dunn notes that the trial court's finding that his behavior was violent and life threatening goes without saying since he was convicted of felonious assault. He also notes that the only statutory factor arguably supporting the fact that his conduct was more serious than conduct normally constituting the offenses was that the victim was his estranged wife. He argues that none of the factors indicating a risk of recidivism were present, to wit, that he had a prior criminal record, had a pattern of drug or alcohol abuse related to the offense, or that he had shown no genuine remorse for the offense.
 {¶ 8} The State, for its part, argues the record supports the trial court's finding that Dunn's conduct was more serious than conduct normally constituting the offenses of felonious assault and abduction and its finding that Dunn posed a risk of recidivism. The State notes that Dunn hit his estranged wife several times on the head with a claw hammer. Also the State notes that in restraining his wife Dunn tried to strangle her. Also the State notes the trial court found that Dunn had not fully accepted responsibility for his conduct.
 {¶ 9} Because Dunn had not previously served a prison term, the court was required to impose the shortest term unless it found on the record that the shortest prison term would demean the seriousness of Dunn's conduct or would not adequately protect the public from future crime by Dunn or others. R.C. 2929.14(B). The shortest prison term for felonious assault is two years and the shortest term for abduction is one year. R.C. 2903.11(D) and R.C. 2905.62(B).
 {¶ 10} R.C. 2929.12(B) provides that the sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and other relevant factors, which indicate the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 11} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 12} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 13} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 14} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 15} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 16} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 17} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 18} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 19} "(9) If the offense is a violation of section 2919.25, 2903.11,2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation . . ."
 {¶ 20} In this matter, the trial court noted that the victim of the offenses was Dunn's wife. Although the trial court did not specifically mention R.C. 2929.12 in sentencing Dunn, the court recognized that it was required to impose the minimum sentences unless it determined a minimum sentence would demean the seriousness of the offenses. (Tr. 17-18). The Code does not specify that the sentencing judge must use specific language or make specific findings to evince the requisite consideration of the applicable seriousness and recidivism factors. The court can satisfy its duty under R.C. 2929.12 with nothing more than a rote recitation that it had considered the applicable factors of R.C.2929.12(B). See State v. Arnett (2000), 88 Ohio St.3d 208. Here, the trial court noted the victim was Dunn's wife which is a "more serious" factor. The trial court's determination that a less than minimum sentence on Dunn's abduction conviction is supported by the court's finding that the public would not be adequately protected from a less than remorseful convicted defendant. Also the court did not find nor does the record support any factors suggesting that Dunn's conduct was less serious than conduct normally constituting the offenses. See R.C. 2929.12(C). Accordingly, we find no abuse of discretion present in the trial court's imposition of greater than minimum sentences upon Dunn in accordance with R.C. 2929.12(B). The assignment of error is overruled.
 {¶ 21} The judgment of the trial court is Affirmed.
Fain, J., and Donovan, J., concur.